People v Grant (2026 NY Slip Op 01802)

People v Grant

2026 NY Slip Op 01802

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-06597
 (Ind. No. 72677/21)

[*1]The People of the State of New York, respondent,
vKareem Grant, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Dmitriy Povazhuk of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi Cesare, J.), rendered July 28, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a firearm (Penal Law § 265.01-b[1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01[1]). The defendant subsequently moved pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. In an order dated May 19, 2022, the Supreme Court denied the defendant's motion. Thereafter, the defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the indictment. The defendant appeals.
Where, as here, a defendant is charged with a felony, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Pike, 228 AD3d 886, 887). Under the circumstances presented, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
The defendant contends that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective. Initially, contrary to the People's contention, the defendant does not lack standing to assert this contention (see People v Johnson, ___ NY3d ___, ___, 2025 NY Slip Op 06528, *6; People v Mitchell, 244 AD3d 1005, 1005). However, the defendant's contention is unpreserved for appellate review (see People v Rosa, 243 AD3d 593, 593) and, in any event, without merit. Contrary to the defendant's contention, the Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528; People v Mitchell, 244 AD3d 1005).
CONNOLLY, J.P., WARHIT, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court